THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SEYMOUR ASHINSKY, Defendant-Appellant.

Third District   No. 3—84—0619

Opinion filed April 3, 1985.

Robert Agostinelli and Gary Hicks, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Defendant, Seymour Ashinsky, was arrested and charged with being a fugitive from justice from the State of Oklahoma. The arrest was made prior to the issuance of a Governor's warrant. (Ill. Rev. Stat. 1981, ch. 60, par. 30.) The court informed defendant of the charges against him and, following the filing of an affidavit of assets and liabilities, appointed the Will County public defender to represent him. Defendant refused to waive extradition. During his confinement defendant received a check for $1,000 from family members in New York. The money was placed in his commissary account at the jail. Upon learning of defendant's newly acquired riches, the State's Attorney filed a motion to recoup the costs of providing defendant the services of the public defender. (Ill. Rev. Stat. 1981, ch. 38, par. 113—3.1.) A hearing was held to determine the merits of the motion. Defendant testified that he had been unemployed for some time and had been subsisting on whatever charitable organizations would offer. His assets were a 1976 Chevrolet Caprice which was subject to a lien and household goods stored with a Joliet warehouseman. The goods were soon to be sold for failure to pay storage charges. The $1,000 was obtained to cover expenses for defendant's "son," Sean Harper, an 18-year-old whom defendant apparently took care of, although

there was neither a blood nor adoptive relationship between them. Defendant had promised Mary Ellen Vories, the mother of Sean's girlfriend, that he would reimburse her for Sean's living expenses while he boarded there. Sean was also arrested, with defendant promising to reimburse Ms. Vories the $200 needed to post Sean's bond. The public defender noted during the hearing that he had expended "probably 20 hours or so" in representing defendant. The court, apparently rejecting the validity of the obligations incurred by defendant, ordered that $960 be recouped from defendant. The basis of this charge was the customary rate of $48 per hour for appointed counsel in Will County. The court ordered the remaining $750 in defendant's commissary account paid over to the county.

Defendant argues that the court erred in assessing a public defender's fee against him because the court was without authority to assess such a fee in an extradition case. The focal point of the controversy is under which statute the court appointed the public defender. The recoupment statute (Ill. Rev. Stat. 1981, ch. 38, par. 113—3.1) empowers the court to order reimbursement when counsel is appointed pursuant to section 113—3 of the Code of Criminal Procedure of 1963 or Supreme Court Rule 607 (which is not germane to the question here). Defendant contends that counsel was not appointed under section 113—3. That section provides:

"(a) Every person charged with an offense shall be allowed counsel before pleading to the charge. If the defendant desires counsel and has been unable to obtain same before arraignment the court shall recess court or continue the cause for a reasonable time to permit defendant to obtain counsel and consult with him before pleading to the charge.

(b) In all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel." (Ill. Rev. Stat. 1981, ch. 38, par. 113—3.)

Defendant argues that he was not charged with an offense within the meaning of the Code of Criminal Procedure of 1963. An offense is defined as "a violation of any penal statute of this State." (Ill. Rev. Stat. 1981, ch. 38, par. 102—15.) Instead, defendant claims he was arrested for violating an Oklahoma penal statute. The appointment of counsel was thus made pursuant to section 4 of "An Act in relation to the office of Public Defender" (Ill. Rev. Stat. 1981, ch. 34, par. 5604), which states:

"The Public Defender, as directed by the court, shall act as attorney, without fee, before any court within any county *for*

*all persons who are held in custody* or who are charged with the commission of any criminal offense, and who the court finds are unable to employ counsel." (Emphasis added.)

■ We agree with defendant. The "cases" mentioned in subsection (b) of section 113—3 whereby counsel is to be appointed to indigent defendants refers only to those who are charged with an offense as described in subsection (a). Defendant was not charged with an offense, but was being held pending the issuance of a Governor's warrant pursuant to the provisions of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1981, ch. 60, par. 18 *et seq.*). Thus, one can only conclude that counsel was appointed because defendant was being held in custody, and not because he was charged with an offense. Accordingly, the provisions of section 113—3.1 are inapplicable.

The State raises numerous challenges to this argument. It is argued that defendant waived this contention by not raising it at trial. Even without regard to defendant's *pro se* status at the recoupment hearing, this argument is unavailing. Since counsel was appointed pursuant to section 4 of "An Act in relation to the office of Public Defender" (Ill. Rev. Stat. 1981, ch. 34, par. 5604), the court was without authority to order reimbursement. The public defender appointed thereunder is to serve as attorney *without fee* when so appointed.

■ The State argues that by submitting the affidavit of assets and liabilities mandated by section 113—3(b), counsel was effectively appointed pursuant to section 113—3. Turning once again to section 4, the court must find that defendant is unable to employ counsel. The use of the form customarily prepared by those charged with an offense indicates nothing more than a convenient method of making the required determination. It is not indicative of which statute the court below considered in making the appointment.

The State argues that since there is no record of the May 8 appointment of counsel, it must be presumed that the court acted properly in appointing counsel. This argument misses the point. The statute the State claims the court acted under could not have authorized the appointment of counsel, as defendant was not charged with an offense. Thus, it must be presumed that the court properly appointed counsel pursuant to section 4.

■ The State argues that the point is waived by a failure to move to retax costs in the trial court. The fee assessed here is not a cost of the proceeding. The reimbursement of public defender's costs is a *sui generis* statutory remedy unrelated to the normal costs of a proceeding. A motion to retax costs was not necessary.

■ Finally, the State argues that *County of Champaign v. Hanks*

(1976), 41 Ill. App. 3d 679, 353 N.E.2d 405, authorizes the recovery of costs from defendant. *Hanks* is distinguishable. There, defendant fraudulently conveyed real property for the purpose of appearing indigent. The court upheld an action for fees based on a theory of implied contract. Here, the State points to the omission of defendant's household goods as an asset on his affidavit, as well as his failure to inform the court of his receipt of the $1,000. However, there is evidence in the record that the court would have found defendant indigent even if these assets had been disclosed. This is corroborated by defendant's testimony as to debts and encumbrances. Therefore, any right to relief based upon *Hanks* is speculative at best.

Accordingly, we reverse the judgment of the circuit court of Will County and order the $750 returned to defendant.

Reversed.

BARRY and STOUDER, JJ., concur.